UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ORQUIDEA ROJAS,

Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No.: 26-cv-4567-RSH-MMP

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**

[ECF No. 2]

On August 10, 2026, plaintiff Orquidea Rojas, proceeding *pro se*, filed this lawsuit against defendant Social Security Administration along with a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1; 2.

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1]

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/court-programs/fees/district-court-miscellaneous-fee-schedule. The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999); *see Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) ("All persons, not just prisoners, may seek IFP status."). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing an inability to pay the required filing fee. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted).

In her application, Plaintiff states that her spouse received social security payments and that she depends on what her spouse is paid to support herself. ECF No. 2 at 2-3. However, she does not disclose the amount her spouse receives in social security and claims both her and her spouse's monthly income is $0. *See id.* at 1-2. The application states that Plaintiff lives with her spouse, but contains no information reflecting homeownership, or mortgage or rental payments, suggesting that the affidavit is incomplete. *See id.* at 2-4. Plaintiff also leaves all of her monthly expenses blank. *See id.* at 4. Based on the lack of "particularity, definiteness and certainty" in the information provided, the Court cannot determine whether Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234.

///

///

///

///

///

///

///

///

For the foregoing reasons, Plaintiff's application to proceed IFP is **DENIED** without prejudice. *See* ECF No. 2.

Plaintiff shall have until **October 11, 2026**, to either pay the filing fee, or file a renewed application to proceed IFP. If the filing fee is not paid or a renewed application to proceed IFP is not filed by October 11, 2026, the Clerk of the Court shall dismiss the case without prejudice and terminate the action.

**IT IS SO ORDERED.**

Dated: September 11, 2026

Robert S Huie

Hon. Robert S. Huie
United States District Judge